OPINION
Defendant-appellant Edward Tracy appeals from his conviction and sentence for Attempted Gross Sexual Imposition, following a guilty plea. Tracy contends that the trial court erred by imposing the maximum sentence and by failing to state its reasons for doing so.
We conclude that the trial court adequately stated its reasons for the sentence imposed, and that the facts support the length of the sentence. Accordingly, the judgment of the trial court is Affirmed.
 I
Edward Tracy was indicted on one count of Gross Sexual Imposition, in violation of R.C. 2907.05(A)(4). Following plea negotiations, Tracy pled guilty to one count of Attempted Gross Sexual Imposition, a felony of the fourth degree. A sexual predator hearing was held pursuant to R.C. 2950.09. Tracy was determined to be a sexual predator and was sentenced to eighteen months in prison and placed on post-release control for five years. This appeal followed.
 II
Tracy's First and Second Assignments of Error are as follows:
 THE TRIAL COURT ERRED BY FAILING TO STATE ITS REASONS FOR IMPOSING THE MAXIMUM SENTENCE FOR A SINGLE FOURTH DEGREE FELONY OFFENSE.
 THE TRIAL COURT ERRED BY IMPOSING THE MAXIMUM SENTENCE WHERE THE DEFENDANT'S CONDUCT IN THIS CASE DOES NOT CONSTITUTE THE WORST FORM OF THE OFFENSE AND THE DEFENDANT DOES NOT POSE THE GREATEST LIKELIHOOD OF COMMITTING FUTURE CRIMES.
Tracy contends that the trial court erred by failing to adequately state its reason for imposing the maximum sentence because it merely cited the statutory language of R.C. 2929.14(C). In support, he argues that although the trial court stated that Tracy committed the worst form of the offense and that he posed the greatest risk of committing future crimes, as required by R.C.2929.14(C), it did not state or identify its reasons for those conclusions. He also contends that the trial court erred in finding that his offense constitutes the worst form of the offense and that he poses the greatest likelihood of committing future crimes.
R.C. 2929.11 provides that the purpose of felony sentencing is to protect the public and to punish the offender. A trial court has the discretion to impose a sentence that it considers most effective for accomplishing the purposes of felony sentencing. R.C. 2929.12(A). In doing so, it must consider the seriousness of the crime as well as the likelihood of recidivism. R.C. 2929.12(A). When deciding whether to impose a prison term for a fourth-degree felony the trial court must also consider, among other things, whether the offense is a sex offense, whether the offender has previously been in prison, and whether the offender has previously committed an offense while under a community control sanction. See R. C. 2929.13(B)(1)(f), (g) and (h).
R.C. 2929.14(C) states that a "court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense * * * only upon offenders who committed the worst forms of the offense, [and] upon offenders who pose the greatest likelihood of committing future crimes * * *." Finally, R.C. 2929.19(B)(2) provides that a court shall make a finding that gives its reason for selecting the sentence imposed when it imposes a prison term for a felony of the fourth degree or imposes a maximum prison term for one offense. When imposing a sentence for a fourth-degree felony, the trial court must cite any applicable factors set forth in R.C. 2929.13. See, R.C.2929.19(B)(2)(a).
In this case, the trial court specifically found that Tracy's conduct was the worst form of the offense of Gross Sexual Imposition. The trial court's finding was based upon the following factors: (1) the injury to the victim was exacerbated because of the age of the victim, who was seven at the time the offense was committed [R.C. 2929.12(B)(1)]; (2) the victim suffered serious psychological harm as a result of the offense, which required extensive counseling [R.C. 2929.12(B)(2)]; and (3) Tracy's relationship to the victim facilitated the offense because he was a friend of the family and often babysat for the victim [R.C. 2929.12(B)6)]. No factors lessening the seriousness of the offense were found.
Tracy finds fault with the trial court's failure to have found that, in committing the offense, he "did not cause or expect to cause physical harm to any person or property," which is set forth as a mitigating circumstance under R.C. 2929.12(C). Tracy pled guilty to Attempted Gross Sexual Imposition upon a seven-year old girl. Although the facts recited at the hearing suggest that the victim did not suffer any serious physical harm, we find it unremarkable that the trial court failed to find, in the context of an Attempted Gross Sexual Imposition, that Tracy did not expect to cause physical harm to his victim.
The trial court also specifically found that Tracy had the greatest likelihood of committing future offenses. This finding was based upon the following factors: (1) Tracy had a history of prior criminal convictions including several periods of imprisonment [R.C. 2929.12(D)(2)][1]; (2) Tracy had not responded well to sanctions previously imposed for his criminal convictions and had absconded, in fact, while under supervision and committed another offense while under supervision [R.C.2929.12(D)(3)]; and (3) Tracy showed no remorse for the offense [R.C. 2929.12(D)(5)]. It is also clear that the trial court found three factors listed in R.C. 2929.13(B)(1) to be applicable. Specifically, the offense was a sex offense constituting a fourth-degree felony [R.C. 2929.13(B)(1)(f)]; Tracy had previously served a prison term [R.C. 2929.13(B)(1)(g); and Tracy committed an additional offense while under a community control sanction [R.C. 2929.13(B)(1)(h)].
Our review of the record supports the trial court's findings that Tracy committed the worst form of the offense and that he is likely to commit offenses in the future. We also conclude that the trial court sufficiently set forth its reasons for imposing the maximum sentence. Given the above-referenced specific findings made by the trial court, which we find to be in compliance with the necessary statutory findings, we find Tracy's arguments to be without merit.
Both of Tracy's Assignments of Error are overruled.
 III
Both of Tracy's Assignments of Error having been overruled, the judgment of the trial court is Affirmed.
BROGAN and WOLFF, JJ., concur.
Copies mailed to:
James D. Bennett
David E. Kuns
Hon. Jeffrey Welbaum
[1]The record shows that among the numerous crimes Tracy had previously committed, he had been convicted of two prior crimes of a sexual nature. Specifically, Tracy was convicted of a misdemeanor sexual misconduct charge involving a fifteen-year old in 1981 and a felony criminal sexual conduct charge involving an eleven-year old in 1984.